**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CHRISTOPHER HUNTER,

    Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER; *et al.*,

    Defendants.

Case No. 2:14–cv–1560–APG–VCF

**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND REPORT & RECOMMENDATION (ECF NO. 22)**

    Before the Court is Plaintiff Christopher Hunter's Motion to Reconsider Motion for Leave to File an Amended Complaint. (ECF No. 22). For the reasons stated below, Hunter's motion is granted.

**I. Background**

    Plaintiff Christopher Hunter ("Hunter"), currently incarcerated at High Desert State Prison and a *pro se* litigant, seeks leave to file an amended complaint. (ECF No. 22). Hunter's first amended complaint (ECF No. 7) sought: (1) punitive damages of $1.5 million dollars; (2) brought claims against "sert officer McArthur" in his official capacity; and (3) brought claims against "County of Clark" for punitive damages. Hunter's proposed second amended complaint seeks to: (1) reduce the amount of claimed punitive damages from $1.5 million to $1 million; (2) bring claims against Officer Darren McArthur, P#7743 in his official and his individual capacities; and (3) remove Clark County as a named defendant. (ECF No. 22 at 7-15).

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave of court to amend should be "freely given when justice so requires" and this policy is to be applied with "extreme liberality." *Eminence Capital v. Aspeon,* 316 F.3d 1048, 1051 (9th Cir. 2003). The rule favoring liberality in amendments to pleadings is particularly important for a *pro se* litigant. *Crowley v. Bannister*, 734 F. 3d 967, 977-78 (9th Cir. 2013). Unskilled in the law, the *pro se* litigant is far more prone to make errors in pleading than a litigant who has representation of counsel. *Id.* at 878.

A Court considers the following factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) undue prejudice to the opposing party, or (4) futility of amendment. *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). These factors, however, do not merit equal weight. *Id.* Absent undue prejudice to the opposing party or a strong showing of any of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

**III. Discussion**

**A. Analysis**

There is no indication of bad faith, undue delay, undue prejudice, or dilatory motive on the part of Hunter here. There is no undue delay or bad faith in Hunter's year-late motion. *Pro se* prisoners with limited access to prison law libraries are not acting in bad faith nor is there undue delay. *Harkins v. Palmer*, No. 3:10-CV-00372-ECR, 2012 WL 1329098, at *2 (D. Nev. Apr. 16, 2012). Hunter is a *pro se* prisoner and has limited access to the prison law library. According to Hunter, he "had no access to the prison law library until 6/17/16, for well over four months due to 'inmate facility and security overhaul.'" (ECF No. 22). These factors weigh in favor of granting leave to amend. *Harkins*, 2012 WL 1329098, at *2.

1    There is no indication of undue prejudice to opposing parties.  Defendants have not been served
2    and would not be prejudiced by an amended complaint, if "it merely clarifies their identities and seeks to
3    bring in the ostensibly proper parties." *Jackson v. Scarpati*, No. 3:14-CV-00415-RJC, 2015 WL 5092696,
4    at *3 (D. Nev. Aug. 27, 2015).  Hunter's first complaint brought claims against "sert officer McArthur".
5    (ECF No. 7).  Hunter now moves to identify "sert officer McArthur" as Officer Darren McArthur. (ECF
6    No. 18).   The second amended complaint clarifies Officer McArthur's identity by changing his name.
7    Therefore, Officer McArthur will not suffer prejudice if Hunter amends his complaint.  *Jackson*, 2015 WL
8    5092696, at *2.

9    **B.  Screening Complaint**

10   Pursuant to 28 U.S.C. §1915(e), this court will now screen Hunter's second amended complaint.
11   A court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on
12   which relief may be granted, or seeks monetary relief against a defendant who is immune from such
13   relief." 28 U.S.C. §1915(e)(2)(B).  Dismissal of a complaint for failure to state a claim upon which relief
14   can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same
15   standard under §1915 when reviewing the adequacy of an amended complaint.

16   When analyzing a motion under Rule 12(b)(6), courts accept as truth all well-pled factual
17   allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for
18   relief.  *Jackson*, 2015 WL 5092696, at *3.  The complaint is construed in a light most favorable to the
19   plaintiff. *Id.*  The court takes particular care when reviewing the pleadings of a *pro se* party, for a more
20   forgiving standard applies to litigants not represented by counsel. *Id.*  The complaint need not contain
21   detailed factual allegations under the pleading requirement of Rule 8(a), but it must offer more than "a
22   formulaic recitation of the elements of a cause of action." *Id.*

23   Hunter moves to change the amount of punitive damages from $1.5 million to $1 million, and
24   brings claims against McArthur in his official and individual capacities.  A court will permit these

25

technical changes.  *Jackson*, 2015 WL 5092696, at *3. Hunter named Clark County as a defendant in original complaint, but Hunter does not name Clark County in any subsequent complaint.  It is unclear whether Clark County was a named party in this action.  To the extent Clark County was a defendant, Clark County is dismissed.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Hunter's Motion for Leave to File an Amended Complaint (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that McArthur is identified as Officer Darren McArthur P#7793. Hunter is instructed to serve a copy of the amended complaint to Officer McArthur and Naphcare, the only active defendants.

IT IS FURTHER RECOMMENDED that all claims against Clark County and the Clark County Detention Center be dismissed with prejudice.

The Clerk of Court is directed to file the complaint (ECF No. 22 at 7-15), issue summons to Officer Darren McArthur and Naphcare, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the Plaintiff has twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms.  Within twenty (20) days after plaintiff receives copies of the USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used.  Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within ninety days (90) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F. 2d 452, 454 (9th Cir. 1983).

DATED this 13th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE