UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER S. HUNTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01560-APG-VCF<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT NAPHCARE, INC.'S MOTION TO DISMISS AND (2) REFERRING THIS CASE TO THE PRO BONO PROGRAM**<br><br>(ECF No. 26) |

Defendant Naphcare, Inc. (erroneously sued as Napha Healthcare) moves to dismiss plaintiff Christopher S. Hunter's two claims against it. First, Naphcare argues that Hunter's Eighth Amendment deliberate indifference claim should be dismissed because the amended complaint alleges only negligence, not deliberate indifference. Second, Naphcare argues that Hunter's claim that his privacy rights were violated when Naphcare discussed his medical condition and drew his blood in front of other inmates fails to state a claim under the Fourth Amendment.

Hunter responds by agreeing to dismiss his Eighth Amendment claim. ECF No. 47 at 3-4. However, he contends that his privacy claim is based on the Fourteenth Amendment, not the Fourth Amendment.

I grant Naphcare's motion to dismiss the Eighth Amendment claim as unopposed because Hunter agrees to dismissal. *See* ECF No. 7-2(d). Moreover, I already dismissed this claim with prejudice in my prior screening order. *See* ECF No. 11 at 6-7.

I deny Naphcare's motion to dismiss Hunter's privacy claim. Naphcare treats the claim as one under the Fourth Amendment. However, as my screening order and Hunter's opposition point out, the claim is a Fourteenth Amendment claim. *See* ECF Nos. 11 at 4-5; 47. Because Naphcare does not move to dismiss this claim under the Fourteenth Amendment, I deny that portion of the motion.

IT IS THEREFORE ORDERED that defendant Naphcare, Inc.'s motion to dismiss **(ECF No. 26) is GRANTED in part and DENIED in part**. Plaintiff Christopher Hunter's Eighth Amendment deliberate indifference claim against defendant Naphcare, Inc. is dismissed with prejudice. Plaintiff Christopher Hunter's Fourteenth Amendment claim against defendant Naphcare, Inc. remains pending.

IT IS FURTHER ORDERED that the clerk of court shall correct the caption to reflect that defendant Napha Healthcare is correctly identified as Naphcare, Inc.

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program ("Program") adopted in General Order 2016-02 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for plaintiff Christopher Hunter. The scope of appointment shall be for all purposes through the conclusion of trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the Clerk shall also forward this order to the Pro Bono Liaison.

DATED this 6th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE